## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SABRINA WILLIAMS,

      Plaintiff,

v.

PANDA TRAVEL, INC., EAGLE
BUS, INC., PANDORABUS, INC.,
PANDORA TOURS, INC., W & G
AGENCY, INC., and LI WANG,
d/b/a PandaNY Bus, Inc., Pandora
Bus, WandaCoach, Wang Li,

      Defendants.

CIVIL ACTION FILE NO.:

1:18-cv-00785-WMR

## ORDER

On September 9, 2019, the Court held a jury trial in this action in which Plaintiff claimed discrimination on the basis of race and asserted a violation of the Americans with Disabilities Act. The trial concluded on September 12, 2019, with the jury returning a verdict in favor of Plaintiff. The jury awarded Plaintiff a total of $100 in compensatory damages and declined to award any punitive damages. [Doc. 60].

Plaintiff now moves this Court to enter a permanent injunction and award to her attorney's fees and other expenses in light of the jury's verdict in her favor. [Doc. 64]. Specifically, Plaintiff asks this Court to enjoin Defendant Eagle Bus,

Inc. from (1) assigning seats to bus passengers, including Plaintiff, on the basis of race, and (2) denying disabled passengers, including Plaintiff, a front-row seat in violation of the ADA.  [*Id*. at 1-2].  Plaintiff further asks this Court to require Defendant Eagle Bus, Inc. to "obtain advice from its legal counsel with respect to compliance with the ADA as to proper signage related to the seating of disabled passengers on its buses." [*Id*. at 2].  Plaintiff requests an injunction for a duration of three years.  [*Id*.].  Defendant Eagle Bus, Inc. opposes Plaintiff's requested relief.

The Court herein will address Plaintiff's request for injunctive relief and will address Plaintiff's request for attorney's fees and expenses in a separate, forthcoming Order.  Upon due consideration of the evidence presented at trial, the jury's verdict, and all relevant briefing by the parties, the Court finds and rules as follows:

## I.   FACTUAL BACKGROUND

Defendant Eagle Bus, Inc.[1] operates a bus company that runs buses from the Atlanta area to New York and Boston.  Passengers can purchase bus tickets online or in-person at bus stations.  When a bus ticket is issued to a passenger, a seat

---

[1] Plaintiff initially sued five separate entities: Pandorabus, Inc.; W & G Agency, Inc.; Panda Travel, Inc.; Pandora Tours, Inc.; and Eagle Bus, Inc.  On September 12, 2019, the Court dismissed all defendants, except Defendants Eagle Bus, Inc. and Li Wang, the purported owner/operator of the various entities.  [*See* Doc. 58]. The jury ultimately found only Defendant Eagle Bus, Inc. liable.  [Doc. 60 at 2].

assignment is either written or printed on the ticket stub.  Passengers are directed to sit in their assigned seat when they board the bus.

Beginning in December 2015, Plaintiff, an African American female of limited financial means, began traveling back and forth from Atlanta to New York on Defendant's buses to receive medical treatment.  Typically, Plaintiff rode Defendant's buses to New York and then took another bus line from New York to Boston, where she ultimately received her medical treatment.  Plaintiff made many trips to New York on Defendant's buses, sometimes several trips per month.

On these trips, Defendant repeatedly seated Plaintiff in the back of its buses, behind Chinese and other Asian passengers, despite Plaintiff's requests for a front-row seat based on her disability.  Plaintiff suffers from lower back pain, right leg pain, and spinal stenosis of the lumbar region, which makes it difficult for her to walk and sit in narrow, confined spaces.  Plaintiff asserted at trial that a front-row seat would provide additional leg room compared to regular seating and reduce the distance she would have to walk to access her seat.  Plaintiff also complained of foul odors in the back of the buses that emanated from the bathrooms.

Plaintiff filed the present action on February 21, 2018.  In her Complaint, Plaintiff asserted four counts: (1) race discrimination in violation of 42 U.S.C. § 1981; (2) a violation of 42 U.S.C. § 1983; (3) a violation of the Americans with

Disabilities Act, 42 U.S.C. § 12184, and its implementing regulations; and (4) a request for permanent injunctive relief.[2]  [*See* Doc. 1].  Plaintiff alleged that because of Defendant's denial of her requests to sit in the front of the bus, Plaintiff suffered physical pain and injury, as well as humiliation, emotional distress, and other forms of mental anguish and suffering.

At trial, the jury heard opening statements, received sworn testimony and other evidence, and otherwise heard argument.  On September 12, 2019, the jury returned a verdict in favor of Plaintiff, finding by a preponderance of the evidence that (1) Defendant Eagle Bus, Inc. seated Plaintiff behind Asian passengers on its buses, (2) Plaintiff's race was a motivating factor that prompted Defendant Eagle Bus, Inc. to seat Plaintiff behind Asian passengers, and (3) Plaintiff should be awarded $100 to compensate her for her physical and emotional pain and mental anguish.  [Doc. 60 at 1].  The jury further found that Defendant Li Wang was not responsible for the damages awarded against Defendant Eagle Bus, Inc.  [*Id*. at 2]. No punitive damages were awarded.  [*Id*.].  Finally, as to Plaintiff's ADA claim, the jury found that Plaintiff requested to be seated in the front row of the bus and that

---

[2] Plaintiff abandoned her § 1983 claim prior to trial.

Defendant Eagle Bus, Inc. denied Plaintiff's request in violation of federal law as described by the Court.[3]  [*Id.*].

## II.   LEGAL STANDARD

Plaintiff moves for injunctive relief based on the jury's verdict in her favor on her race discrimination claim under 42 U.S.C. § 1981 and her disability discrimination claim under the ADA, 42 U.S.C. § 12184, and its implementing regulations.  [Doc. 64-1 at 1-2].  At its core, an injunction is a legal mechanism to prevent future irreparable harm.  *See Dombrowski v. Pfister*, 380 U.S. 479, 485 (1965) ("[I]njunctive relief looks to the future. . . ."); *Ne. Fla. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) ("A showing of irreparable harm is 'the *sine qua non* of injunctive relief.'" (quoting *Frejlach v. Butler*, 573 F.2d 1026, 1027 (8th Cir. 1978))).  "[T]o obtain a permanent injunction, a party must show: (1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; and (3) irreparable harm will result if the court does not order injunctive relief."  *Alabama v. U.S. Army Corps of Engineers*, 424

---

[3] The Court notes that the jury's finding as to the ADA claim is characterized as an "advisory opinion" on the verdict form.  The verdict form informed the members of the jury that their decision as to the ADA claim would not impact what, if any, damages would be awarded to Plaintiff.  [*Id.*].

F.3d 1117, 1128 (11th Cir. 2005) (citing *Newman v. State of Ala.*, 683 F.2d 1312, 1319 (11th Cir. 1982)).

"A permanent injunction is an extraordinary remedy . . . and is issued only where the moving party establishes both actual success on the merits . . . and an injury that is actual and imminent that cannot be undone through monetary remedies." *Todd v. Carstarphen*, 236 F. Supp. 3d 1311, 1325 (N.D. Ga. 2017) (internal quotations and citations omitted).  In other words, a permanent injunction "is available not simply when the legal right asserted has been infringed, but only when that legal right has been infringed by an injury for which there is no adequate legal remedy and which will result in irreparable injury if the injunction does not issue." *U.S. Army Corps of Engineers*, 424 F.3d at 1127-28 (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506 (1959)); *see also Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31DAB, 2013 WL 2467782, at *2 (M.D. Fla. June 7, 2013) ("To obtain a permanent injunction, there must be some cognizable danger of recurrent violations or some continuing harm for which money damages are insufficient compensation").  The party requesting the permanent injunction has the burden of proof to show by a preponderance of the evidence that the requested relief is necessary.  *Todd*, 236 F. Supp. 3d at 1325

(quoting *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 n.10 (11th Cir. 2007)).

Additionally, court orders issuing permanent injunctions are subject to the specificity requirements of Federal Rule of Civil Procedure 65(d), which states that "[e]very order granting an injunction . . . must state the reasons why it issued; state its terms specifically; and describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). The Eleventh Circuit has explained that this specificity requirement "serves to protect those who are enjoined by informing them of what they are called upon to do or to refrain from doing in order to comply with the injunction . . . ." *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) (internal quotation and citation omitted). "Broad, non-specific language that merely enjoins a party to obey the law or comply with an agreement . . . does not give the restrained party fair notice of what conduct will risk contempt." *Id*. (quoting *Epstein Family P'ship v. Kmart Corp.*, 13 F.3d 762, 771 (3d Cir. 1994)). Accordingly, such "obey the law" injunctions are invalid.

## III.   DISCUSSION

Plaintiff succeeded on the merits of her claims at trial when the jury returned a verdict in her favor on her race discrimination claim under 42 U.S.C. § 1981 and

7

her disability discrimination claim under 42 U.S.C. § 12184 and its accompanying regulations. Thus, the question remaining before the Court is whether Plaintiff has shown that "there is no adequate remedy at law" for the violations of her rights and that "irreparable harm will result if the [C]ourt does not order injunctive relief." *U.S. Army Corps of Engineers*, 424 F.3d at 1128 (citing *Newman*, 683 F.2d at 1319). Upon the Court's review of the record and the evidence presented at trial, the Court finds that Plaintiff has not demonstrated, by a preponderance of the evidence, that she is entitled to a permanent injunction.

The Court begins by addressing whether Plaintiff has demonstrated that she will suffer irreparable harm if the Court declines to enter an injunction. To succeed on her request, Plaintiff must demonstrate "some cognizable danger of recurrent violations or some continuing harm for which money damages are insufficient compensation." *Bhogaita*, 2013 WL 2467782, at *2. Here, the evidence and testimony presented at trial was less than clear as to whether Plaintiff has any real plans to ride Defendant's buses in the future. In her brief in support of her request for injunctive relief, Plaintiff states that she "testified at trial that she would take Defendant's buses if she would be allowed proper disability priority seating (seating in the front of the bus)." [Doc. 64-1 at 2]. Defendant, however, states that "Plaintiff's evidence during the trial of the case established that *she no longer rode*

*these buses* and was not inclined to ride the buses since they did not have 'priority seating.'" [Doc. 65 at 2 (emphasis added)].[4]  At trial, Defendant explained that all the seats on its buses are the same, meaning the seats only vary by their location on the bus.

Based on the Court's own recollection of the testimony presented at trial, the Court concludes that the evidence did not clearly establish that Plaintiff would ride Defendant's buses in the future.  As such, the Court finds Plaintiff has not demonstrated that there is "some cognizable danger of recurrent violations" of her rights or any "continuing harm for which money damages are insufficient compensation."  *Bhogaita*, 2013 WL 2467782, at *2.  Accordingly, Plaintiff has failed to meet her burden of establishing that she will suffer irreparable harm in the absence of injunctive relief. Therefore, an injunction is not warranted in this case.

## IV.   CONCLUSION

Based on the foregoing, this Court hereby **DENIES** Plaintiff's Motion for Injunctive Relief [Doc. 64].

---

[4] The Court notes that these statements are simply the parties' characterizations of the testimony presented at trial without citations to the trial transcript, as no trial transcript has been ordered or prepared.

9

**IT IS SO ORDERED** this 2nd day of June, 2020.


WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE