IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SABRINA WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>PANDA TRAVEL, INC., EAGLE BUS, INC., PANDORABUS, INC., PANDORA TOURS, INC., W & G AGENCY, INC., and LI WANG d/b/a or Alias PandaNY Bus, Inc., Pandora Bus, WandaCoach, Wang Li,<br><br>    Defendants. | CIVIL ACTION FILE NO.:<br><br>1:18-cv-000785-WMR |

**<u>ORDER</u>**

This matter is before the Court on Plaintiff Sabrina Williams' Motion for Permanent Injunction and Motion for Attorney's Fees and Expenses [Doc. 64] and Specification and Itemization of Requested Award of Attorneys' Fees and Expenses [Doc. 66]. The Court denied Plaintiff's request for a permanent injunction in a previous Order. [Doc. 75]. As such, only Plaintiff's request for attorney's fees and expenses will be addressed herein. Upon due consideration of the record in this case and the parties' briefing, the Court finds and rules as follows:

1

## I. BACKGROUND

Defendant Eagle Bus, Inc. operates a bus company that transports passengers from Atlanta to New York and Boston. Plaintiff, an African American female of limited financial means, began traveling back and forth on Defendant's buses from Atlanta to New York to receive medical treatment in December 2015. Plaintiff typically rode Defendant's buses to New York and then took another bus line from New York to Boston, where she ultimately received her treatment. Plaintiff rode Defendant's buses frequently, sometimes making several trips per month.

On these trips, Defendant consistently seated Plaintiff in the back of the bus, behind Chinese and other Asian passengers, despite Plaintiff's repeated requests for priority, front-row seating based on her disability. Plaintiff has difficulty walking and sitting in narrow, confined spaces due to lower back pain, right leg pain, and spinal stenosis of the lumbar region. Plaintiff asserted at trial that a front-row seat would provide additional leg room compared to regular seating and reduce the distance she would have to walk to access her seat.

Plaintiff filed the present action on February 21, 2018. [Doc. 1]. In her Complaint, Plaintiff asserted four counts: (1) race discrimination in violation of 42 U.S.C. § 1981; (2) a violation of 42 U.S.C. § 1983; (3) a violation of the Americans with Disabilities Act, 42 U.S.C. § 12184; and (4) a request for injunctive relief.

[*Id.*]. Plaintiff alleged that she suffered physical pain and injury, as well as humiliation, emotional distress, and other forms of mental anguish and suffering due to Defendant's denial of her requests to sit in the front of the bus. [*Id.*].

On September 12, 2019, a jury returned a verdict in favor of Plaintiff, finding by a preponderance of the evidence that (1) Eagle Bus, Inc. seated Plaintiff behind Asian passengers on its buses, (2) Plaintiff's race was a motivating factor that prompted Eagle Bus, Inc. to seat Plaintiff behind Asian passengers, and (3) Plaintiff should be awarded $100 to compensate her for her physical and emotional pain and mental anguish. [Doc. 60]. The jury further found that Defendant Li Wang was not responsible for the damages awarded against Eagle Bus, Inc. [*Id.* at 2]. No punitive damages were awarded. [*Id.*]. Finally, the jury found that Plaintiff requested to be seated in the front row of the bus and that Defendant Eagle Bus, Inc. denied Plaintiff's request in violation of federal law. [*Id.*].

Plaintiff now seeks $104,465.60 in attorney's fees[1] and $5,188.70 in expenses. [Doc. 66 at 2]. Specifically, Plaintiff's request includes time expended

---

[1] The Court notes that this figure contemplates a deduction of $35,186.90 from Plaintiff's suggested "interim total" of $139,652.50. [Doc. 66 at 3]. Plaintiff explains that this adjustment is "both to provide assurance to the Court that the requested attorneys' fees are reasonable in light of the amount of work involved and the results obtained and numerically tie to Plaintiff's initial estimate (which turned out to be low)." [*Id.*].

by Attorney Carl L. Sollee, lead counsel, for 205.3 hours at a rate of $350 per hour for a total of $68,705.00, and one paralegal, Joan Tibor, for 404.9 hours at a rate of $175 per hour for a total of $70,857.50. [Doc. 66 at 2; Doc. 66-1 at ¶¶ 4, 6-7; Doc. 66-2 at ¶ 5].

## II. STANDARD OF REVIEW

In determining a reasonable award of attorney's fees, a court first calculates the "lodestar" amount—that is, "the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). "The fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates" and should "supply[] the court with specific and detailed evidence . . . ." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id*. at 1299 (citing *Blum*, 465 U.S. at 895-96 n.11). Courts are considered experts on the question of whether hourly fees or time expended are reasonable and "may consider [their] own knowledge and experience [to] form an independent judgment" in making an award. *Id*. at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Despite having wide

discretion in determining the fee award, however, a court "must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Barnes*, 168 F.3d at 427 (quoting *Norman,* 836 F.2d at 1304).

### III.   DISCUSSION

In a Section 1981 case, a prevailing plaintiff may receive an award of reasonable attorney's fees. 42 U.S.C. § 1988(b). Such an award of fees should occur ordinarily "unless special circumstances would render an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quotation omitted). Here, it does not appear that Defendant disputes that the Plaintiff was the prevailing party. As such, the Court finds that Plaintiff is a prevailing party entitling her to an award of reasonable attorney's fees and expenses in light of the jury's verdict in her favor.

#### A.   Expenses

The Court will begin its analysis by briefly addressing Plaintiff's request for expenses. In this case, Plaintiff requests $5,188.70 in expenses. [Doc. 66 at 2]. The Eleventh Circuit has noted that "courts of this circuit have awarded expenses reimbursements liberally as appropriate to the specific litigation." *Dowdell v. Apopka*, 698 F.2d 1181, 1191-92 (11th Cir. 1983) ("We hold that, with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation,

or as an aspect of settlement of the case may be taxed as costs under section 1988."). Having carefully reviewed the expenses claimed by Plaintiff, this Court finds the expenses allowable as claimed for a total of $5,188.70.

### B. Reasonable Hourly Rate

The Court now turns to the question of attorney's fees, beginning with whether Plaintiff's asserted hourly rates are reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum*, 465 U.S. at 895-96 n.11). "The fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates" and should "supply[] the court with specific and detailed evidence from which the court can determine reasonable hourly rate." *Norman*, 836 F.2d at 1303. "The district court is 'an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." *St. Claire v. Trauner, Cohen & Thomas, L.L.P.*, No. 1:07-cv-2802-ODE, 2008 U.S. Dist. LEXIS 5768, at *3 (N.D. Ga. 2008) (quoting *Campbell,* 112 F.2d at 144).

As set out above, Plaintiff submits that the reasonable hourly rate for Mr. Sollee's services is $350. [Doc. 66-1 at ¶ 6]. In a declaration accompanying

Plaintiff's motion, Mr. Sollee lists his credentials and notes that his practice consists mostly of civil litigation matters. [*Id.* at ¶ 5]. He provides citations to various federal cases in which he has represented, or is currently representing, clients. [*Id.* at ¶ 10]. These cases include a disability discrimination matter and a case involving race discrimination, retaliation, and breach of contract in employment. [*Id.*]. Additionally, Mr. Sollee declares that in October 2019 he settled a medical malpractice case, which, like the present matter, was handled on a contingency fee basis. [*Id.* at ¶ 6]. Mr. Sollee explains that although the settlement amount in that case is confidential, the settlement "resulted in an effective hourly rate (i.e., amount expected to be received based on the settlement statement divided by hours worked) substantially in excess of $350/hr." [*Id.*].

Mr. Sollee further declares that the reasonable hourly rate for the services of his paralegal, Joan Tibor, is $175 per hour. [*Id.*]. In a separate declaration accompanying Plaintiff's motion, Ms. Tibor declares that she has performed paralegal services for Sollee Law, LLC since 2015. [Doc. 66-2 at ¶ 2]. She explains that during her time with Sollee Law, she has "been involved primarily in commercial litigation involving [f]ederally prohibited discrimination on the basis of sex, pregnancy, race and disability, but also breach of contract." [*Id.*]. Additionally, Mr. Sollee states that he has charged Ms. Tibor's time at a rate of

7

$175 per hour to other clients. [Doc. 66-1 at ¶ 7]. He also notes that Ms. Tibor assisted him with his recent medical malpractice case in which "her effective hourly rate . . . was more than $175." [*Id*. at ¶ 6].

Upon the Court's review of the record, the Court agrees with Plaintiff that $350 is a reasonable hourly rate for Mr. Sollee's legal services in a case such as this. *Common Cause v. Billups*, No. 4:05-CV-0201, 2007 U.S. Dist. LEXIS 117242, at *37-38 (N.D. Ga. December 27, 2007) (awarding attorney's fees for a civil rights action within a range of $250.00 to $550.00 per hour); *see also Dillard v. City of Foley*, 995 F. Supp. 1358, 1373 (M.D. Ala. 1998) (finding the usual billing rate for civil rights cases in Alabama to range from approximately $125 to $350 per hour). However, the Court concludes that a reasonable hourly rate for Ms. Tibor's professional services as a paralegal in this case is $150, as this Court was unable to find any examples of paralegals in similar litigation being awarded $175 per hour. *Common Cause*, 2007 U.S. Dist. LEXIS 117242, at *37-38 (awarding a range of $85.00 to $150.00 for paralegal work in a civil rights action). As such, the Court will rely on these reasonable hourly rates for purposes of its lodestar analysis.

### C. Reasonable Number of Hours

The next step in the lodestar calculation is determining the time Mr. Sollee and Ms. Tibor reasonably expended in this case. *St. Claire*, 2008 WL 151542, at

*2-3.  In making this calculation, the Eleventh Circuit instructs "that 'excessive, redundant or otherwise unnecessary' hours should be excluded from the amount claimed."  *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434).  In other words, parties should "exercise 'billing judgment.'"  *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 437).  The fee applicant "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437).

Here, Mr. Sollee has provided a detailed billing statement and has, in fact, redacted certain items that may not be deemed to have been required in his defense of the case.  [Doc. 66-1 at ¶ 8].  Mr. Sollee's billing statement indicates a total of 205.3 hours expended by him and 404.9 hours expended by Ms. Tibor during the litigation of this case, for a total of 610.2 hours.  [*Id.* at ¶ 11; Doc. 66-2 at 9]. Defendant has neither objected to, nor filed any response to, any specific number of hours claimed by Plaintiff.  Instead, Defendant generally objects to Plaintiff's presentation of the case as "not properly research and presented" which "lengthen[ed] the entire process" and thus increased "everyone's hours."  [Doc. 69 at 8-9].

Having reviewed the extensive record in this case, as well as Mr. Sollee's detailed itemization, the Court finds that the 610.2 hours claimed by Plaintiff is

9

reasonable. Defendant's general objections regarding Plaintiff's low degree of success in this case and inefficient handling of the matter will be accounted for in the adjustments to follow.

### D.    Multiplication and Lodestar Adjustments

Finally, the Court is required to multiply the hourly rate with the number of hours expended in defense of the case. *Norman*, 836 F.2d at 1302. Here, multiplication of the reasonable hours expended with the reasonable hourly rate results in a total of $132,590.

The product of the reasonable hours times the reasonable hourly rate, however, does not end the inquiry. "There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Hensley*, 461 U.S. at 434. A reduction of the lodestar may be necessary if the relief achieved was "limited in comparison to the scope of the litigation as whole." *Norman*, 836 F.2d at 1302 (citing *Hensley*, 461 U.S. at 435, 440). Defendant argues that Plaintiff only managed to achieve limited success, and, therefore, Plaintiff is not entitled to an award of fees or Plaintiff's fee award should be substantially reduced. [Doc. 69]. Defendant points out that Plaintiff originally brought four claims against six defendants, but only recovered

on one claim, Plaintiff's claim under Section 1981, against one defendant, Eagle Bus, Inc.  [*Id*. at 4-5].

First, the Court notes that Plaintiff achieved compensatory damages in the amount of only $100.  And, as Defendant points out, Plaintiff only succeeded on one claim against one defendant at trial.  However, the Court, when analyzing Plaintiff's degree of success, must examine more than just the ratio between successful claims and unsuccessful ones.  *Popham v. City of Kennesaw*, 820 F.2d 1570, 1579 (11th Cir. 1987).  The vindication of a constitutional right can, of itself, be a sufficiently significant result even when the plaintiff receives only a small amount of money.  *Norman*, 836 F.2d at 1302; *see also Cuff v. Tans States Holdings, Inc.*, 768 F.3d 605, 610-11 (7th Cir. 2014) (emphasizing that fee-shifting statutes exist to ensure that justified claims will not be stifled simply because the monetary award would be small).

In this case, Plaintiff received compensatory damages, albeit a small amount, in recognition of the discrimination she suffered on Defendant's buses.  Plaintiff thus achieved redress for her grievances giving rise to this litigation.  Therefore, even though some of Plaintiff's claims were ultimately unsuccessful and/or abandoned prior to trial, the Court concludes that Plaintiff's victory is significant enough to warrant a reduced award of the lodestar.  *Thornton v. Wolpoff &*

*Abramson, L.L.P.*, 312 F. App'x 161, 164 (11th Cir. 2008) ("The difference between zero dollars and one dollar is the difference between an unsuccessful action and a successful action."). However, "it is appropriate to alter the lodestar to reflect attorney success or lack thereof."[2] *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1164 (11th Cir. 2017) (citing *Norman*, 836 F.2d at 1302).

Due to Plaintiff's limited success, the Court reduces Plaintiff's lodestar award for attorney's fees by eighty-five percent resulting in a total of $19,888.50 awarded to Plaintiff, in addition to $5,188.70 in expenses. *Thornton*, 312 F. App'x at 165 (upholding an award of attorney's fees with a reduction of eighty-five percent for a civil rights case in which Plaintiff was only awarded nominal damages in the amount of $1).

For the foregoing reasons, the Court finds that $19,888.50 is a reasonable amount of attorney's fees and $5,188.70 is a reasonable amount of expenses. Therefore, Plaintiff's Motion for Attorney's Fees and Expenses [Doc. 66] is hereby

---

[2] The Court has considered the twelve factors discussed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and has determined the most relevant factor to determine the appropriateness of the fee amount for this analysis to be "the results obtained." Therefore, the Court finds an extensive analysis into each of the twelve factors to be unnecessary. *In re Depot, Inc.*, 931 F.3d 1065, 1091 (11th Cir. 2019) ("[T]he *Johnson* factors are relevant only in the rare cases where they are not fully captured in the lodestar." (emphasis in original)).

**GRANTED IN PART**. Defendant is hereby **ORDERED** to pay Plaintiff a total of $25,077.00 and to do so no later than six (6) months from the date of this Order, or six (6) months after the final decision on appeal, whichever is later.

## IV. CONCLUSION

In sum, the Court hereby **GRANTS IN PART** Plaintiff's request for attorney's fees and expenses, finding that Plaintiff is entitled to a total of $25,077.00 in reasonable attorney's fees and expenses.

**IT IS SO ORDERED** this 4th day of August, 2020.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE